# In the United States Court of Federal Claims

No. 22-279

Filed: March 30, 2022

|  |
|---|
| **ROSIMERI CRISTINA CLEMENTS,**        *Plaintiff*, <br><br>v.<br><br>**THE UNITED STATES,**        *Defendant.* |

## OPINION AND ORDER

**TAPP, Judge.**

Rosimeri Clements brings this pro se action asserting a Fifth Amendment takings claim. (Compl., ECF No. 1). After review of her Complaint, the Court finds that Ms. Clements has failed to state a cognizable claim against the United States and that this Court lacks jurisdiction to adjudicate claims against state officials, thus the Court must dismiss her claims.

According to the Complaint and accompanying exhibits, Ms. Clements alleges that state officials have taken her private property without just compensation in violation of the Fifth Amendment. (Compl. at 1–2). The Complaint states that Ms. Clements filed a "notice of a self-executing fee and an invoice" with the Seminole County Court on January 4, 2022. (*Id.* at 2). Ms. Clements did not receive a response, thus she filed additional notices on February 19 and February 22, 2022. (*Id.* at 2–3). After a continued bout of silence, Ms. Clements filed her Complaint with this Court on March 10, 2022. (*Id.* at 3).

To survive dismissal, a Complaint must properly state a claim. RCFC 12(b)(6). To do so, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'." *Ashcroft v. Iqbal,* 556 U.S. 662, 668 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Twombly*, 550 U.S. at 555. A plaintiff alleging a takings claim "must show that the United States, by some specific action, took a private property interest for public use without just compensation." *Arbelaez v. United States*, 94 Fed. Cl. 753, 762 (2010) (internal quotations and citations omitted). It does not suffice that a plaintiff merely names the United States as the defendant pursuant to RCFC 10(a); the allegations must directly implicate the Federal Government. *United States v. Sherwood*, 312 U.S. 584, 588 (1941) ("if the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court.").

Ms. Clements's Complaint is desolate of facts alleging that the United States is liable for her takings claim. Ms. Clements seeks compensation for the unauthorized use of private estate trust property. (Compl. at 2). However, the Complaint contains no facts alleging that the United States took this property or hindered Ms. Clements's access to it. Instead, the Complaint contains mere conclusory statements that the United States is involved without any facts supporting how it effectuated a taking.

Further, in her Requested Relief, Ms. Clements requests compensation of $5,461,100 for illegal action by the "State of Florida and its administrator, actors, and associates." (*Id.* at 5). The United States is not an administrator, actor, or associate of the State of Florida. This Court is unable to draw a reasonable inference as to how the United States could be implicated. Because of those deficiencies, any claims against the United States must be dismissed. *See Ashcroft,* 556 U.S. at 668 (quoting *Bell Atl.,* 550 U.S. at 570 (requiring a pleading to state "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged")).

As a second matter, a plaintiff must also establish jurisdiction in the court where they bring suit. RCFC 12(b)(1), 12(h)(3). Although the Court may generously construe pro se claims for relief, it cannot waive the jurisdictional restrictions imposed by Congress. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987). Whether a court has jurisdiction is a threshold matter in every case. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998). In determining jurisdiction, the Court accepts as true all undisputed factual assertions in the Complaint and draws all reasonable inferences in favor of the plaintiff. *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011). If the Court finds at any time that it lacks subject-matter jurisdiction, it *must* dismiss the action. RCFC 12(h)(3).

Without properly stating a claim against the United States, the Court does not have subject matter jurisdiction. Ms. Clements's Complaint alleges a taking executed solely by the State of Florida and its officials. (Compl. at 2–3). The only proper defendant in the Court of Federal Claims is the United States. *May Co. v. United States*, 38 Fed. Cl. 414, 416 (1997). The Court does not have jurisdiction over "any claims alleged against states, localities, state and local government entities, or state and local government officials and employees[.]" *Anderson v. United States*, 117 Fed. Cl. 330, 331 (2014); *see also* 28 U.S.C. § 1491(a)(1). Since Ms. Clements's allegations only implicate state officials, this Court lacks subject matter jurisdiction to provide her with relief. Consequently, Ms. Clements's Complaint must be dismissed.

In sum, Ms. Clements's Complaint fails to state a cognizable claim against the United States. Construing the Complaint generously, redress is sought exclusively from the State of Florida and/or its officials, stripping this Court of jurisdiction. Therefore, Ms. Clements's Complaint is **DISMISSED** pursuant to RCFC 12(b)(6) and 12(h)(3). The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

*David A. Tapp*
DAVID A. TAPP, Judge